## In re Mechanics Trust Company. No. 2

*Snyder, Miller, Hull & Hull,* for exceptant; *Mark T. Milnor,* contra.

WICKERSHAM, J., November 6, 1933.—This case comes before the court on exceptions on the part of Narcissa Brewster Craig, guardian, to the account of William D. Gordon, Secretary of Banking, in possession of the business and property of Mechanics Trust Company, Harrisburg, Pa., in which he refused to allow her deposit in the saving fund of said trust company as a preferred claim, payable in full.

The facts in the case have been stipulated and are briefly, as follows: William D. Gordon, Secretary of Banking, took possession of the business and property of Mechanics Trust Company on October 23, 1931. It is alleged that the exceptant, Narcissa Brewster Craig, was testamentary guardian of the estates of William Craighead Brewster and Nancy Jane Stewart Brewster, minors, under the last will and testament of Nina Brewster Koons; that on July 16, 1930, and at other dates subsequent thereto, she deposited with the said trust company the sum of $1,993.03 in a savings account as guardian aforesaid; that at the closing of said trust company the balance of said account, principal and interest, amounted to $2,005.72; that the savings account was opened in the name of Narcissa Brewster Craig, Guardian for William Craighead Brewster and Nancy Jane Stewart Brewster; that in the first and partial account of William D. Gordon, Secretary of Banking, there is a record of said savings account under the classification of "Liabilities—Time Deposits"; that two dividends of $200.57 each were paid to and accepted by the said guardian, exceptant herein.

The question involved is: Were the deposits, made by the said exceptant in her name as guardian, an investment or merely a deposit until such time when she could secure a permanent investment for these funds?

328

## Discussion

It is the contention of counsel for the exceptant that the deposits made by the exceptant were in the nature of an investment; that it was an investment she was not authorized to make or the trust company to receive, and that therefore she is entitled to a preference and to be paid in full for her deposit: Law's Estate, 144 Pa. 499. We are of opinion, after a careful reading of this case, especially the opinion of Mr. Justice Clark at page 507, that it does not support the contention of counsel for the exceptant. Said counsel also relies on the case of Officer, Admr., v. Officer & Pusey et al., 120 Iowa 389, 94 N. W. 947. While this case is persuasive, we think it is not binding upon us, for the reasons which we will hereafter state.

We think this question is controlled by the legislation upon the subject relating to the distribution of money, funds, or property or other assets whatsoever of any trust company by legal process or otherwise, as first found in the Act of May 8, 1907, P. L. 192, in which it is provided that distribution shall be made and preferred in the following order, namely: "First. To pay all deposits in the trust company." If the legislature had taken no further action, the subject would have been left in doubt; however, section 1 of the Act of 1907 was amended by the Act of May 23, 1913, P. L. 354, which provides, inter alia:

"Section 1. . . . That in case of any distribution of the money, funds, property, or other assets, whatsoever, of any trust company, in the course of its liquidation by legal process or otherwise, distribution shall be made and preferred in the following order, namely:

"First. To the payment of all depositors in the trust company, whether the deposits be subject to immediate check or only payable after specified notice, or at the expiration of a fixed period, whether or not such notice has been given or such period expired at the time of such distribution. Bona-fide holders for value of certified checks on such trust company, or of certificates of deposit issued by such trust company, or of checks or drafts of such trust company given in exchange for or in payment of checks or drafts of depositors of such company drawn thereon, not exceeding the balance to the credit of such depositor, shall also be treated and considered as depositors within the meaning of this act."

We think this act is controlling, and therefore we conclude that the deposit of Narcissa Brewster Craig, as guardian of William Craighead Brewster and Nancy Jane Stewart Brewster, in the saving fund of Mechanics Trust Company, Harrisburg, Pa., was not an investment. Referring to the savings department book of the exceptant, we find this subject is treated under the rules and regulations as "deposits". We think it makes no difference that under paragraph 6 of the rules money deposited "may be withdrawn by the depositor . . . on presentation of the bank book and order from the depositor, provided such deposits are only payable after thirty days' written notice of the intention to withdraw has been given". It is still, in our opinion, an interest-bearing deposit; and, if being a deposit, the depositor, in this case the exceptant, is not entitled to any preference over other depositors.

And now, November 6, 1933, it is ordered, adjudged, and decreed that the exceptions of Narcissa Brewster Craig, guardian of William Craighead Brewster and Nancy Jane Stewart Brewster, to the account of William D. Gordon, Secretary of Banking, in charge of the liquidation of Mechanics Trust Company, Harrisburg, Pa., are overruled. The costs to be paid by the exceptant.

From Homer L. Kreider, Harrisburg, Pa.